UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-0308(1) (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| KHEMWATTIE SINGH, | |
| Defendant. | |

Defendant Khemwattie Singh is serving concurrent 27-month and 12-month sentences after being convicted of wire fraud and failure to account for and pay over withheld payroll taxes. Over a period of several years, Singh stole millions of dollars from various victims, and she did so through dozens—likely hundreds—of individual acts of theft or dishonesty. In addition, Singh withheld hundreds of thousands of dollars from her employees' paychecks for income and FICA taxes, and then put the money into her own pocket instead of sending it to the Internal Revenue Service. And to top it off, when the pandemic hit, Singh stole almost $300,000 of COVID relief funds to which she knew she was not entitled.

Singh is currently incarcerated at FCI Waseca and is scheduled to be released from the Bureau of Prison's custody on May 2, 2026. This matter is before the Court on Singh's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which

authorizes a Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction[.]"

Singh primarily argues that her mother's poor health and ongoing medical needs constitute extraordinary and compelling circumstances justifying her immediate release. Singh represents that she "ha[s] been [her mother's] primary caregiver . . . for the past three years" and that her mother "forgets to eat and take her medications" and "barely manages to get by" without her. ECF No. 170-2 at 1–2.[1] At the Court's request, the United States Probation and Pretrial Services Office ("Probation") investigated Singh's claims. That investigation involved a home visit and a face-to-face interview with Singh's mother, Amardaybie "Debbie" Singh, as well as telephone interviews with several of Debbie's family members (including her brother and three of her other daughters).

Probation's investigation reveals that Debbie's situation is not nearly as dire as Singh claims. Probation reports that Debbie was "physical[ly] mobile" and "cognitively engaged" during the home visit, and describes Debbie's home as "clean and well furnished" with "bountiful amounts of food" in the refrigerator, freezer, and cabinets. ECF No. 173 at 2. Debbie told Probation that several family members call and visit her daily, and that she could reside with either of two of her daughters if the need arose,

---

[1] When citing documents by ECF number, the Court cites to the electronically generated page numbers at the top of the page.

something that her daughter Mandalsa "Amanda" Singh later confirmed. *Id.* at 2, 4. Debbie explained that her daughter and granddaughter regularly assist her with cooking, cleaning, and reading her mail, and that she gets herself to medical appointments by public transportation, Metro Mobility, and Uber. *Id.* at 2.

Debbie's brother told Probation that he too visits Debbie regularly to help her with cooking, errands, and groceries, and that he calls her every day. *Id.* at 3. He also confirmed that Debbie's daughters, along with her grandsons, granddaughter, and granddaughter-in-law, visit Debbie regularly and assist her with her daily needs. *Id.* Debbie's daughter Nirmala "Molly" Mattson—who is a nurse practitioner—told Probation that she has not seen her mother's health decline since Singh's incarceration, and that she communicates with her mother daily and visits her two or three times a week. *Id.* She also noted that Debbie continues to cook and care for herself, and that she even babysits her one-year-old great-granddaughter a few times per week. *Id.* Debbie's daughter Amanda—who is a medical assistant in an assisted-living facility—corroborated these details when Probation spoke to her, adding that she believes her mother to be in good health for her age and that her mother recently traveled internationally without incident. *Id.* at 4. Both Molly and Amanda told Probation that one of Amanda's daughters (Debbie's granddaughter) visits Debbie daily

and helps her with her medication, cooking, errands, mail, and medical appointments. *Id.* at 3–4.

Probation also spoke to Pamela "Pam" Ramnarain, another one of Debbie's daughters. After inquiring about the reason for Probation's investigation, Pam told Probation that her mother's health has been "failing drastically" since Singh's term of incarceration began and that Debbie "depends on . . . Singh for her care." *Id.* at 3. Pam's assertions are simply not credible. Two of Debbie's daughters, who also happen to be medical-health professionals, described their mother's health as essentially unchanged since Singh's incarceration and significantly better than Singh describes in her motion. Both of those daughters and Debbie's brother describe a wealth of resources available to Debbie, with numerous family members involved in caring for her, and with two daughters willing to invite her to live with them if the need arose.

Without question, Debbie misses and worries about her daughter, as do the mothers of most of those incarcerated in federal prison. But Singh's characterization of her mother as being in dire straits with no one to turn to but Singh appears to be yet another of Singh's lies. The Court cannot find that "extraordinary and compelling reasons warrant . . . a reduction" in Singh's sentence and thus denies her motion for compassionate release.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion for compassionate release [ECF No. 170] is DENIED.

Dated: May 28, 2025            /s/ Patrick J. Schiltz
                                                Patrick J. Schiltz, Chief Judge
                                                United States District Court